Harold A. Stevens, J.
Defendants herein, excepting the receiver who is only a nominal party and takes no position here, move pursuant to rule 113 of the Rules of Civil Practice for summary judgment dismissing the complaint herein on its merits.
Plaintiff by cross motion pursuant to rule 113, moves for summary judgment on his first cause of action.
The complaint under the first cause of action seeks a declaratory judgment that plaintiff be given practical working control of Believe It or Not, Inc., by having the right to name two out of the three members of the board of directors. Under the second cause of action plaintiff seeks damages for alleged wrongful acts by defendant Ripley which plaintiff contends breached the contract. While the third cause seeks an injunction and damages for an alleged conspiracy to breach said agreement.
The plaintiff in his moving papers does not state his belief that there is no defense to the action, nor do the defendants in their moving papers state their belief that the action has no merit as is required by rule 113 of the Rules of Civil Practice.
The parties hereto have been involved in extensive litigation over the question of control of the corporation. The decisions are numerous and the papers voluminous. The defendants control a majority of the stock of Believe It or Not, Inc., while the plaintiff heretofore had worldng control of such corporation by reason of the fact that he and one other, the two apparently voting at all times together, were two of the three directors of such corporation. Such other person, one Colwell, has now resigned.
An earlier decision of this court declared that there was no doubt that there was a valid agreement between plaintiff Storer and defendant Ripley to vote together for Colwell, and found that the three persons were to be and continue to be the directors “ as long as the plaintiff or Millar [the then equitable owner *437 of six shares of stock] owned stock in the corporation ’ ’. The court also held that “ Colwell was the nominee of Millar, who had helped finance the purchase by plaintiff and the defendant Ripley of the estate stock ”. (Storer v. Ripley, 1 Misc 2d 235, 239, 241 [1953, Eager, J.], affd. 282 App. Div. 950, motion for leave to appeal denied 282 App. Div. 1061, 306 N. Y. 985.) On December 7, 1956 Millar disposed of his six shares. Plaintiff and defendant Ripley now each own three of such shares. There is no doubt that so long- as Colwell remained on the board, that he, Storer and Ripley were to be all of the directors for the duration of the contract. (See Ripley v. Storer, 309 N. Y. 506 [1956].)
We are now asked to hold that the court in the earlier decision (Ripley v. Storer, ante [Eager, J.]) intended that plaintiff always retain working control even though a change, such as occurred here, eventually took place. Mr. Justice Eager found that plaintiff Storer had established an oral agreement that he and Ripley were to vote their stock for a certain nominee. At that time Mr. Justice Eager considered also the language of a memorandum of agreement of January, 1951 between Storer and Ripley which provided in part ‘ ‘ the undersigned agree to establish a voting trust in which the stock now owned and to be owned by the undersigned shall vote as a unit ’ ’. He found the provisions as to the voting trust to be so indefinite as to be unenforcible. Nothing more is before us as to any details of a trust agreement so there is nothing to bind Storer and Ripley to vote as a unit for a particular nominee unless we hold that Justice Eager's decision which assured the plaintiff of working control of Believe It or Not, Inc., was intended to apply regardless of any change of circumstances caused by the resignation of their original nominee. We are not prepared to so hold. ‘ The faith and confidence which the parties might have had in Colwell may well not extend to others who might be proposed as his successor. Colwell’s status seems originally to have been predicated upon Millar’s interest, and a recognition and appreciation by Storer and Ripley of Millar’s valuable assist- , anee.
Mr. Justice Saypol stayed the parties from electing a new director pending the trial of this action which we are informed is set for June 3,1957.
Ripley and Storer each claim that the other has breached the memorandum agreement of January, 1951 in material particulars, and otherwise acted to the corporate damage, as well as contrary to their individual interests.
*438 Certain issues of fact are raised by the second and third causes of action and the affirmative defenses which can only be resolved upon a trial. The motion as to them is denied.
Mr. Justice Eager found from the testimony that the agreement between Ripley and Storer provided among other thmgs that Colwell and Storer were to be and continue as directors as long as either Storer or Millar owned stock, etc. The Court of Appeals in its 1956 decision (309 N. Y. 506) adverted to this. In both instances the courts had certain questions to decide. A new issue is now raised and this court feels that an opportunity for exploration of all of the details of such oral agreement should be afforded the parties in the trial which is imminent. Accordingly the motion to dismiss the complaint is denied.